IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02369-CMA-SKC

J.Z.A., a minor, by and through his Mother and next friend,
LUZ ARREDONDO FIERRO,

    Plaintiff,

v.

CENTURA HEALTH CORPORATION D/B/A AVISTA ADVENTIST HOSPITAL,
BESSIE MCLAUGHLIN O'DEA, M.D.,
CELIA TRYON, R.N.,
MICHELE J. SEVCIK, R.N., and,
MICHELE N. LEWIS, R.N.,

    Defendants.

___

**ORDER RE: MOTION TO STAY [#20], MOTION TO EXTEND [#19],
AND MOTION TO SUBSTITUTE [#2]**
___

This order addresses three motions: (1) United States' Motion to Stay Discovery as to the United States ("Motion to Stay") [#20];[1] (2) United States' Motion to Extend Deadline to Answer ("Motion to Extend") [#19]; and (3) United States' Motion to Substitute as Defendant ("Motion to Substitute") [#2] (collectively "Motions"). The Motions were referred to this Court and are fully briefed. No hearing is necessary to resolve them. For the reasons explained below, the Court PARTIALLY GRANTS the Motion to Stay, PARTIALLY GRANTS the Motion to Extend, and GRANTS the Motion to Substitute.

This matter arises from the alleged professional negligence of the Defendant hospital and medical professionals who rendered care and services to Luz Arredondo

---

[1] The Court uses "[#___ ]" to refer to documents in CM/ECF.

1

Fierro while giving birth to J.Z.A. (collectively "Plaintiff"). J.Z.A. suffered a brain injury from oxygen deprivation over the course of his delivery. Plaintiff originally filed this case in state court with the Boulder County Combined Court. The United States, who is not a named defendant, filed a Notice of Removal under 42 U.S.C. § 233(c) of the Federally Supported Health Centers Assistance Act ("FSHCAA") based on the claims asserted against Defendant Bessie McLaughlin O'Dea, M.D. ("O'Dea"). Section 233(c) of the FSHCAA provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

*Id.*[2]

Upon removing the case to federal court, the United States filed a Motion to Substitute, seeking to substitute it as a defendant in place of O'Dea under § 233(c) of the FSHCAA. [#2.] The Motion to Substitute attached a Certification Deeming Defendant O'Dea to Be an Employee of the Public Health Service for All Times Relevant to Complaint ("Certification"). [#2-1.] In the Certification, the U.S. Attorney for the District of Colorado, exercising power delegated by the Attorney General (*see* 42 U.S.C. § 233(c); 28 C.F.R. § 15.4(a)), certified that O'Dea was deemed an employee of the Public Health

---

[2] The FSHCAA seeks to "ameliorate the financial burden on . . . medical providers" at certain federally supported health centers in "underserved areas" by allowing them to be deemed Public Health Service employees for whom the United States is substituted as a defendant in certain medical malpractice actions, with the Federal Tort Claims Act ("FTCA") as the exclusive remedy. *See, e.g., Estate of Cummings v. Leatherwood*, No. 12-cv-0081, 2012 WL 12819629, at *1 (D.N.M. Apr. 12, 2012).

Service eligible for Federal Tort Claims Act ("FTCA") coverage under the FSHCAA with respect to all acts or omissions that are the subject of this case, and that by virtue of the Certification, O'Dea is deemed as "acting within the scope of [her] employment" required to remove a case to federal court. *See* 42 U.S.C. § 233(c) & (l)(1). [#2-1.]

Plaintiff opposes the Motion to Substitute. More recently, she filed a Motion to Remand [#33], which is fully briefed and pending before this Court on referral. The United States also filed a Motion for Summary Judgment on the claim against O'Dea [#18], which is fully briefed and pending before the presiding District Judge. The Motion to Substitute, Motion to Remand, and Motion for Summary Judgment all generally implicate the issue of whether O'Dea was acting within her scope of employment for the Federal Government during her acts or omissions giving rise to Plaintiff's negligence claim against O'Dea. The scope-of-employment question is pivotal because it potentially affects whether this case remains in the U.S. District Court or is remanded to state court.

With the Motion to Stay, the United States seeks a stay of discovery pending resolution of the Motion to Substitute and Motion for Summary Judgment.[3] With the Motion to Extend, the United States seeks to extend the deadline for answering or otherwise responding to the Complaint until after a ruling on the Motion for Summary Judgment.

The Court has weighed the *String Cheese* factors in the context of the Motion to Stay and Motion to Extend, which are: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons

---

[3] The Motion to Stay was fully briefed before Plaintiff filed the Motion to Remand.

not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Weighing these factors, the Court concludes that a stay is warranted at least pending resolution of the Motion to Remand.

The now pending Motion to Remand raises a jurisdictional issue. The United States removed this case under the FSHCAA, which it argues is self-effectuating in terms of removal and substitution of the United States as a defendant for O'Dea based on the Certification. Plaintiff challenges removal and substitution of the United States for O'Dea as a defendant. Thus, there is unresolved turmoil over whether the case will be heard in U.S. District Court or Boulder County Combined Court, and over who among O'Dea or the United States will be the defendant for the alleged negligent acts and omissions attributed to O'Dea. Courts in this district "have routinely recognized that a stay of discovery may be appropriate where the court's jurisdiction is at issue." *Stienmier v. Donley*, No. 09-cv-01260-KMT-BNB, 2010 WL 1576714, at *2 (D. Colo. Apr. 20, 2010); *see also, e.g., Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017) (staying discovery pending resolution of jurisdictional motion); *Mitcham v. Nationstar Mortgage, LLC*, No. 09-cv-03038-PAB-KLM, 2010 WL 582140, at *1 (D. Colo. Feb. 11, 2010) (same); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (same).

Under these circumstances, the Court finds that the burden on O'Dea, the convenience to the court of proceeding only after jurisdiction is determined based on the Motion to Remand, the interests of the United States who is not currently acknowledged as a party, and the public interest embodied by the FSHCAA, all weigh in favor of staying

4

these proceedings pending resolution of the Motion to Remand. These factors also support good cause for partially granting the Motion to Extend.

The Court also grants the Motion to Substitute. Plaintiff's opposition to the Motion to Substitute conflates removal under the Westfall Act, 28 U.S.C. § 2679, with removal under the FSHCAA. *See Dawson v. United States*, No. 16-827-DRH-SCW, 2018 WL 2440516, at *2 (S.D. Ill. May 31, 2018) ("While both the Westfall and FSCHCA (sic) Acts behave similarly in their allowance for the substitution of the United States as a defendant and providing remedies against the United States for certain wrongful conduct, they are not one in the same; particularly, when it comes to their removal/remand provisions.") The United States only cites § 233 of the FSHCAA as its grounds for removal. [#1 ("This [Notice of Removal] provides notice that pursuant to 42 U.S.C. 233(c), the above-captioned action has been removed to United States District Court for the District of Colorado.").] Thus, the Court is governed by § 233, which "provides the sole and exclusive means for bringing claims for personal injury against the United States when, as here, the offending physician was employed by a deemed employee of the Public Health Service and was certified acting within the scope of [her] employment at the time of the incident." *Dawson*, 2018 WL 2440516, at *2.

The Court agrees with the United States that the plain language of § 233(c) suggests that its substitution is self-effectuating. That provision states that once an action is removed from state court based "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose," the proceeding is then "deemed a tort action brought against the United States . . . ." 42 U.S.C. § 233(c). "Deemed" is a verb which Black's Law Dictionary

5

defines as, "[t]o treat (something) as if (1) it were really something else, or (2) it had qualities that it does not have . . . ." Black's Law Dictionary 446 (8th ed. 2004) (parenthesis in original); *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007) ("Once a physician has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted."); *Lee v. Jones*, No. 1:14-cv-04162-JMC, 2015 WL 3891419, at *4 (D.S.C. June 23, 2015) (upon the United States Attorney's certification, "the suit will be removed from state court and treated as a tort action against the United States."). Thus, the Court GRANTS the Motion to Substitute.

The Court ORDERS:

1. The Motion to Stay [#20] is PARTIALLY GRANTED. This action is stayed pending resolution of the Motion to Remand [#33].

2. The Motion to Extend [#19] is PARTIALLY GRANTED. The United States shall not be required to file an answer or other response to the Complaint until after resolution of the Motion to Remand [#33].

3. The Motion to Substitute [#2] is GRANTED. The Clerk of Court shall substitute the United States of America as a Defendant for Defendant Bessie McLaughlin O'Dea, M.D.

4. The Court will set a status conference to address the status of the stay and a deadline for the United States' answer or other response to the Complaint after resolution of the Motion to Remand.

DATED: November 12, 2019

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge